IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| J. DARRELL WATSON | : | Criminal Action No. |
| | : | 5:08-CR-32-HL |
| Defendant. | : | |
| | : | |

# ORDER

## I. BACKGROUND

Defendant is charged in a two count Indictment (Doc. 1) with perjury (Count I) and obstruction of justice (Count II). Count I alleges that on September 19, 2007, Defendant committed the offense of perjury in violation of 18 U.S.C. § 1623(a) when he gave false testimony before a grand jury in the Macon Division of the Middle District of Georgia. Count I is approximately eleven pages and contains two specifications of perjury. Count II alleges that on September 19, 2007, Defendant committed the offense obstruction of justice in violation of 18 U.S.C. § 1512(c)(2) when Defendant attempted to mislead the grand jury.

On July 16, 2008, Defendant filed a Motion to Dismiss Indictment (Doc. 15). On July 23, 2008, Defendant filed a Motion to Transfer (Doc. 18) requesting that this case be transferred to the Valdosta Division. For the following reasons, Defendant's

1

Motion to Dismiss is denied, and Defendant's Motion to Transfer is granted.

## II. DISCUSSION

### A. Motion to Dismiss Indictment

#### 1. Count I

Defendant argues that Count I should be dismissed for three reasons. First, one of the alleged false statements that serves as the basis for the perjury charge is literally true; second, Count I is duplicitous; third, Count I's reference to CC #1 is unduly prejudicial. The Court will address Defendant's arguments in turn.

Defendant contends that one of the alleged false statements contained in Count I's First Specification of Perjury cannot serve as the basis for the perjury charge because it is evident from the face of the Indictment that the statement is literally true. The statement was given in response to a question that asked, "Do you <u>recall</u> whether [Judge Blitch] called Judge P. and told him that there were some important people behind Mr. B. and that he might want to take some action on the case?" (Indict. Count II) (emphasis added). Defendant responded, "No Ma'am. He may have. I don't recall that." (Id.). According to Defendant, this statement is literally true because the acknowledgment that the call may have been made is consistent with the Government's contention that such a call was made. Defendant misses the point. The question did not ask whether the call was made. The question asked Defendant whether he remembered if the call was made; Defendant claimed he did not. In charging that this statement is false, the Government is

2

contending that Defendant did, in fact, remember the call was made. See In re Battaglia, 653 F.2d 419, 421 (9th Cir. 1981) ("A witness who testified that he does not remember an event can be convicted of perjury if it can be proven beyond a reasonable doubt that he does, in fact, remember the event."). When a person claims they do not remember whether an event occurred, implicit in the person's claim is that the event may or may not have occurred; the person simply cannot remember whether it did. The fact that Defendant acknowledged what was implicit in his claim of faulty memory does not render his response literally true. Defendant's Motion to Dismiss on this ground is therefore denied.

Next, Defendant contends that Count I should be dismissed because it is duplicitous. A count is duplicitous if it charges two or more "separate and distinct offenses." United States v. Perkins, 122 F.3d 944, 977 (11th Cir. 1997). The dangers of a duplicitous indictment are: "'(1) a jury may convict a defendant without unanimously agreeing on the same offense; (2) a defendant may be prejudiced in a subsequent double jeopardy defense; and (3) a court may have difficulty determining the admissibility of evidence.'" United States v. Schlei, 122 F.3d 944, 977 (quoting United States v. Wiles, 102 F.3d 1043, 1061 (10th Cir. 1996)). In perjury cases, a count is not rendered duplicitous by the mere fact that it contains several alleged false statements. United States v. Wood, 780 F.2d 955, 962-63 (11th Cir. 1986); Vitello v. United States, 425 F.2d 416, 418 (9th Cir. 1970); United States v.

Edmondson, 410 F.2d 670, 673 n.6 (5th Cir. 1969).[1] As the Second Circuit has noted:

> [I]t has long been accepted practice to charge perjury before the grand jury, committed in the course of the same appearance, in a one count indictment with each false declaration set forth in a particular specification. So long as these separate specifications aver different falsehoods, the indictment will not be held defective on the ground that their pleading is duplicitous....

United States v. Berardi, 629 F.2d 723, 729 (2d Cir. 1980) (citations omitted); see also Edmondson, 410 F.2d at 673 n.6 ("All of the several particulars in which the defendant swore falsely may be embraced in one count, and proof of the falsity of any one will sustain the count.").

In this case, Count I charges Defendant with two specifications of perjury. In both specifications, the alleged perjured testimony was given during the course of a single appearance before the grand jury, and it was given in response to questions that pertained to a particular meeting that Defendant had with Judge Blitch. Moreover, the falsity of both specifications of perjury will be proved by the same evidence–the playing of a recorded conversation between Defendant and Judge Blitch. Under these circumstances, Count I is not duplicitous.

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Last, Defendant contends that the Indictment's use of "Co-conspirator #1" to refer to Judge Blitch[2] is unduly prejudicial because it implies a conspiracy where one is not alleged. Count I states, "Co-conspirator #1 ('CC #1') was a judge of the Superior Court of the Alapaha Judicial Circuit which is located largely within the Middle District of Georgia." Count II incorporates this paragraph by reference. Thus, Defendant's argument on this point pertains to both Counts I and II.

As an initial matter, a motion to strike surplusage, rather than a motion to dismiss indictment, is the proper vehicle to remedy prejudicial language contained in an indictment. United States v. Goodman, 285 F.2d 378, 379 (5th Cir. 1960). Thus, the Court construes Defendant's argument on this issue as a motion to strike. A motion to strike prejudicial language from an indictment should only be granted if "'it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.'" United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992).

In this case, there is no allegation of a conspiracy. The use of "Co-Conspirator #1" to refer to Judge Blitch serves no purpose, and its only effect is to prejudice Defendant as it implies that a conspiracy existed, even though one is not alleged. As a result, the Government is ordered to strike from the Indictment all uses of the terms "Co-Conspirator #1" and "CC #1." The Government can substitute the stricken

---

[2]Nowhere in the Indictment is Judge Blitch mentioned, but the Government agrees that CC #1 is Judge Blitch.

terms with an alternative reference to Judge Blitch.[3]

### 2. Count II

Count II charges Defendant with obstruction of justice in that Defendant gave misleading testimony to the grand jury in an attempt to mislead the grand jury into believing that Defendant "had sought CC #1's assistance for one stated purpose (seeking redress of the alleged mistreatment of an arrestee), rather than the actual purpose (to advance his own goal of becoming the sheriff of Lanier County, Georgia, by fixing cases as a favor to a defendant and his family)." (Indict. Count II). Defendant seeks dismissal of Count II on the grounds that (1) the question that serves as the basis of the charge is ambiguous as a matter of law; (2) Defendant's motive in seeking Judge Blitch's assistance is immaterial and cannot have as its natural and probable effect the interference with the due administration of justice; (3) the alleged false statement is literally true; and (4) there is no evidence that Defendant's actual purpose in seeking assistance was to advance his own goal of becoming sheriff of Lanier County.

As to Defendant's first argument, "'A question or phrase is ambiguous as a matter of law when it is not a phrase with a meaning about which men of ordinary

---

[3]The Court is well aware that courts may not an amend an indictment except as to matters of form. United States v. Johnson, 741 F.2d 1338, 1340-41 (11th Cir. 1984). Changes to names in an indictment are matters of form, not substance, and therefore, they do not violate this prohibition. See United States v. Owens, 334 F. Supp. 1030 (D. Minn. 1971) ("It has long been held that a name in an indictment is a matter of form and not substance."); see also Johnson, 741 F.2d at 1341 ("Matters of form include amendments to 'correct a misnomer.'").

intelligence could agree, nor one which could be used with mutual understanding by a questioner and answerer unless it were defined at the time it were sought and offered as testimony.'" United States v. Swindall, 971 F.2d 1531, 1554 (11th Cir. 1992) (quoting United States v. Manapat, 928 F.2d 1097, 1099 (11th Cir. 1992)) (internal quotations omitted). But when a question is only "arguably ambiguous and 'an answer would be true on one construction of [the] question but false on another'...the defendant's understanding of the question is a matter for the jury to decide." Id. at 1553 (quoting United States v. Bell, 623 F.2d 1132, 1136 (5th Cir. 1980)) (internal quotations omitted and alterations in original).

Here, the allegedly ambiguous question asks, "And what was the purpose in going to see [Judge Blitch] about the case?" (Indict. Count II). Because the question asks what "the" purpose was in going to see Judge Blitch, Defendant argues that the question could be referring to Defendant's purpose in going to see Judge Blitch, or it could be referring to the purpose of the individual who asked that Defendant speak to Judge Blitch. Based on the question's alleged susceptibility to two possible interpretations, Defendant contends that the question is ambiguous as a matter of law. The Court disagrees. This question does not meet the Swindall standard for ambiguity as a matter of law. At worst, the question is arguably ambiguous, and it is for the jury to decide a defendant's understanding of an arguably ambiguous question. As a result, Defendant's Motion to Dismiss Count II on this ground is denied.

Defendant's remaining arguments with respect to Count II are premature as they attack the sufficiency of the evidence. It is well-established that in criminal cases there is no pretrial procedure for determining the sufficiency of the evidence. See United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004). The sufficiency of an indictment must be determined from its face, and an indictment is typically sufficient if it charges in the language of the statute. Id. After hearing the evidence, it will be for the jury to decide whether the statement at issue had the natural and probable effect of impeding justice. Likewise, it will be for the jury to decide whether the statement at issue was true and whether there is evidence that Defendant's actual purpose in seeking Judge Blitch's assistance was "to advance his own goal of becoming the sheriff of Lanier County, Georgia, by fixing cases as a favor to a defendant and his family." Accordingly, Defendant's Motion to Dismiss is denied.

**B. Motion to Transfer**

Defendant contends that this case should be transferred to the Valdosta Division because Defendant, his counsel, and witnesses all reside within the Valdosta Division, and therefore, trial of the case in Macon would work a financial hardship upon Defendant and cause inconvenience to Defendant and his witnesses.

Federal Rule of Criminal Procedure 18 provides:

Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard

8

for the convenience of the defendant and the witnesses, and the prompt administration of justice.

FED. R. CRIM. P. 18. This rule does not confer upon criminal defendants an absolute right to be tried in any particular division. United States v. Betancourt, 734 F.2d 750, 756 (11th Cir. 1984). Instead, Rule 18 accords district courts discretion to fix the trial in a place within the district in which the offense was committed based on the factors recited in the rule. Id. Moreover, under Rule 18, "[t]he convenience of the Government is not a factor." Dupoint v. United States, 388 F.2d 39, 44 (5th Cir. 1967).

In this case, Defendant resides in Lanier County, Georgia, which is approximately 19 miles from Valdosta and 150 miles from Macon. Defendant expects to call seven to eight witnesses, all of whom reside in Lanier County or Valdosta, Georgia. The FBI agent assigned to this case works out of the FBI's Valdosta office.[4] Defendant's attorney lives in Valdosta. Clearly, the convenience to Defendant and the witnesses counsels in favor of holding the trial in Valdosta instead of Macon. Moreover, holding the trial in Valdosta will not interfere with "the prompt administration of justice." The Court already has a trial term scheduled in Valdosta for September 8, 2008, and holding the trial at that time will not violate the Speedy Trial Act. As a result, Defendant's Motion to Transfer is granted. Defendant

---

[4]The Government stated that it expects to call three to five witnesses, but it did not specifically allege where these witnesses reside.

will be tried in Valdosta during the Valdosta trial term that is set to begin September 8.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Indictment (Doc. 15) is denied. Defendant's Motion to Transfer (Doc. 18) is granted. In addition, the Government is ordered to strike from the Indictment all references to "Co-Conspirator #1" and "CC #1." In place of the stricken terms, the Government shall use an alternative reference for Judge Blitch.

**SO ORDERED**, this the 5th day of August, 2008

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc